IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. KIMBALL MOSIER, in his capacity as Chapter 11 Trustee of NATIONAL SCHOOL FITNESS FOUNDATION and SCHOOL FITNESS SYSTEMS, LLC<br><br>Plaintiff,<br><br><br>vs.<br><br><br><br>RAY QUINNEY & NEBEKER, P.C.,<br><br>Defendant. | **ORDER**<br><br>**AND**<br><br>**MEMORANDUM DECISION**<br><br><br>Case No. 2:06-cv-519 |

Plaintiff R. Kimball Mosier (the "Trustee")  has brought this legal malpractice action as

trustee of the bankruptcy estate of National School Fitness Foundation ("NSFF").  The Trustee

claims that the Defendant Ray Quinney & Nebeker, P.C., ("Ray Quinney") is liable to the

bankruptcy estate due to Ray Quinney's alleged role in what the Trustee characterizes as a "ponzi

scheme" carried out by NSFF.

The Trustee has asserted five causes of action against Ray Quinney, and Ray Quinney has

now moved for summary judgement on four of them: professional negligence, breach of fiduciary

duty, vicarious liability, and breach of the covenant of good faith and fair dealing.  All four

claims are based on the same alleged misconduct of Ray Quinney, namely that Ray Quinney and

its attorneys did not "properly advise" NSFF of its legal obligations and assisted NSFF in the

scheme in various ways, including the drafting of key documents.

Because the officers and directors of NSFF, acting on behalf of NSFF, were active

participants in the scheme, the doctrine of in pari delicto—which prevents a plaintiff from

asserting a claim against a defendant if the plaintiff bears fault for the claim—bars the Trustee's

claims.  The court grants Ray Quinney's motion.[1]

## Analysis[2]

I.       Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the  affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving  party is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(c).  "In conducting our analysis, we view all of the facts in the light most favorable

to the non-movant and reasonable inferences from the record must be drawn in favor of the

non-moving party."  Piercy v. Maketa, 480 F.3d 1192, 1197 (10th Cir. 2007).  "To survive

summary judgment, 'nonmovant's affidavits must be based upon personal knowledge and set

forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not

sufficient.'"  Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quoting Hall v.

Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991)).

---

[1]Ray Quinney also contends that Trustee damage claims for the "deepening insolvency" of NSFF is not recognized under Utah law.  But because the court bases its decision on the doctrine of in pari delicto, it does not reach this question.

[2]The factual background of this case is detailed in the parties' memoranda and will not be repeated here except when necessary to explain the court's decision.

II.     In Pari Delicto

The Supreme Court has described the equitable defense of in pari delicto as "rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." Pinter v. Dahl, 486 U.S. 622, 632 (1988) (internal citations omitted.)  Ray Quinney contends that the officers and directors of NSFF committed willful and fraudulent acts which are imputed to NSFF and, in turn, to the Trustee, who stands in the shoes of NSFF.  According to Ray Quinney, the Trustee cannot recover because NSFF—through its officers and directors—perpetrated the scheme, barring any recovery for NSFF regardless of whatever role the Trustee alleges Ray Quinney played.

In response, the Trustee raises two arguments: first, that the doctrine of in pari delicto does not apply because Ray Quinney's fault is substantially greater than NSFF's, which creates a fact-sensitive question precluding summary judgment[3]; and second, that the Trustee does not stand in the shoes of NSFF because of public policy or the "innocent successor" exceptions to Rule 541 of the Bankruptcy Code.

   1. Fault of the Parties

The Trustee does not dispute that NSFF and its agents made misrepresentations to school districts for the purpose of inducing the school districts to enter into contracts with NSFF (the alleged victims of the ponzi scheme).  Rather, the Trustee contends that it made these

---

[3]After oral arguments on Ray Quinney's motion for summary judgment, the Trustee moved for the court to "impanel an advisory jury, pursuant to Rule 39 of the Federal Rules of Civil Procedure, or in the alternative, hold an evidentiary hearing for this Court to receive testimony relevant to the application of the doctrine of in pari delicto." (Pl.'s Mot. for Advisory Jury, 2.)  But because the court determines that in pari delicto can be determined as a matter of law, the Trustee's motion is DENIED.

misrepresentations based on Ray Quinney's legal advice.  But even assuming that Ray Quinney

engaged in some misconduct,[4] the evidence leaves no doubt that NSFF, through its officers and

directors, engaged in willful misconduct.  First, and most significantly, a federal grand jury in

Minnesota indicted Cameron J. Lewis, the president and CEO of NSFF; J. Tyrone Lewis,

member of the NSFF Board of Trustees; Shanna L. Black, NSFF's treasurer and administrative

director; and Marion Markle, NSFF's CFO on multiple charges of fraud based on the same

conduct that is at issue in this case.  Cameron Lewis and J. Tyrone Lewis were found guilty by a

jury of the charges; Ms. Black and Mr. Markle plead guilty to reduced charges.  The United

States and NSFF entered into an agreement to dismiss the criminal charges against NSFF upon

payment of $4.9 million dollars.

In a separate criminal case in the same federal district, the United States filed a felony

information charging School Fitness Systems, LLC, ("SFS") the marketing arm of NSFF, with

fraud relating to NSFF's allleged criminal conduct.  SFS plead guilty to two of the charges and

was ordered to pay $39,838,021.12 to various school districts.

The Trustee himself has filed a separate adversary proceeding against nine of NSFF's

directors and officers, claiming that those directors and officers—the named defendants in that

case—had engaged in willful misconduct towards NSF (hereinafter "D&O case").  The

complaint  filed by the Trustee in the D&O case is thorough and detailed.  (See D&O case

compl., attached as Ex. I to Def.'s Mem. Supp. for Summ. J.)  In that complaint, the Trustee

---

[4]Ray Quinney emphatically denies any wrongdoing and has pointed to numerous
communications from Ray Quinney to officers of NSFF in which Ray Quinney advised them of
their legal obligations and warned them of possible civil and criminal penalties if NSFF ignored
Ray Quinney's advice.

made numerous allegations that the defendants had taken an active, knowing part in the scheme

to defraud the school districts.  Specifically, the complaint alleged that "the Defendants were

aware from at least January 2002 forward that the Foundation's source of cash flow was not

Contributions, but proceeds from sales to new schools," (Id. ¶ 21) that NSFF "attempted to

circumvent" Ray Quinney's advice about "self-dealing transactions that benefitted the individual

directors and officers at the Foundation's expense," (Id. ¶ 27, 28) that "Defendants failed to

exercise good faith with respect to the operations of the Foundation and allowed their personal

interests to prevail over the interests of the Foundation and its creditors," (Id. ¶ 40) and that

"[t]hese acts constitute willful misconduct and/or the intentional infliction harm on the

Foundation and the Foundation's and the Foundation's creditors."  (Id. ¶ 42.)  Moreover, in his

deposition in this case, the Trustee outlined the conduct of those officers and directors that he

believed constituted willful misconduct by those officers and directors.  He testified that based

upon his investigation and research, he believed that various school districts had a fraud claim

against NSFF as a result of misrepresentations NSFF had made to the districts about NSFF being

a nonprofit corporation and the true source of payments NSFF was receiving.

In opposition to Ray Quinney's motion for summary judgment, the Trustee has filed an

affidavit in which he attempts to soften the impact of his earlier assertions.  Specifically, he

asserts in his affidavit that only two NSF insiders committed criminal wrongdoing.

But the Trustee's affidavit does not create a disputed issue of fact because—even if it

could be seen as contradicting the Trustee's earlier deposition testimony where he unequivocally

testified about the wrong-doing of Cameron Lewis, NSFF's CEO, and Tyrone Lewis, NSFF's

board chairman, as well as the wrongful acts of Shanna Black, NSFF's treasurer and

administrative officer, Marion Markle, NSFF's CFO, and all of NSFF's five directors—the court

will disregard the affidavit as an attempt to create a sham fact issue.

In Franks v. Nimmo, 796 F.2d 1230 (10th Cir. 1986), the Tenth Circuit explained that the

following factors must be considered to determine whether an affidavit is an attempt to create a

sham fact issue: "whether the affiant had access to the pertinent evidence at the time of his earlier

testimony or whether the affidavit was based on newly discovered evidence and whether the

earlier testimony reflects confusion which the affidavit attempts to explain." Id. at 1237.  Here,

the Trustee has the obligation and the responsibility to investigate all the pertinent evidence

before he filed the adversary proceedings in the bankruptcy court.  And in his deposition

testimony, the Trustee very carefully discussed his reasons for naming the various officers and

directors in the adversary proceeding.  The Trustee does not attempt to explain why the

statements in his affidavits are different than his previous sworn testimony nor does he claim that

he has discovered new evidence.  Accordingly, the court concludes that the Trustee has not

created a dispute of material fact.

In light of the conduct by NSFF through its directors and officers, the court finds that the

alleged misconduct by Ray Quinney cannot exceed the misconduct by NSFF as a matter of law,

and the doctrine of in pari delicto bars the suit.

2. Innocent Successor Exception

The Trustee also argues that because he is an innocent successor to NSFF, he is not

subject to the defense of in pari delicto.

But the Tenth Circuit has unequivocally concluded that a bankruptcy trustee is subject to

all defenses of the debtor entity.  "Congress intended the trustee to stand in the shoes of the

debtor and 'take no greater rights than the debtor himself had.'" <u>In re Hedged-Invs. Assocs., Inc.</u>, 84 F.3d 1281, 1285 (10th Cir. 1996) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 368, <u>reprinted in</u> 1978 U.S.C.C.A.N. 5963, 6323).   "Therefore, to the extent [the Trustee] must rely on 11 U.S.C. § 541 for his standing in this case, he may not use his status as trustee to insulate [NSFF] from the wrongdoing of" its officers and directors.  <u>Id.</u>  The conduct of the officers and directors is to the Trustee.

Because, as explained above, <u>in pari delicto</u> bars NSFF's claims against Ray Quinney, <u>in pari delicto</u> similarly bars the Trustee's claims against Ray Quinney.

### Conclusion

For the reasons stated above, the court GRANTS Ray Quinney's Motion for Partial Summary Judgment (dkt. #23) and DENIES the Trustee's Motion for an Advisory Jury (dkt. #78).

SO ORDERED this 11th day of September, 2007.

BY THE COURT:

TENA CAMPBELL
Chief Judge